LEO WALLERSTEIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 107761.    Promulgated August 10, 1943.

*Peter I. B. Lavan, Esq.*, and *Albert A. Jones, Esq.*, for the petitioner. *James C. Maddox, Esq.*, for the respondent.

544

## OPINION.

KERN, *Judge:* The principal question which we are called upon to decide in this case is whether dividends paid to the holders of certain preferred stock of a corporation in which petitioner was a principal common stockholder, in excess of the 7 percent cumulative dividends specifically required, constituted gifts from the common stockholders to such preferred stockholders.

The preferred stock provided for cumulative 7 percent dividends before any dividends were paid to common stockholders and, in addition, for a dividend on every share of preferred stock equal to that paid on each share of common stock. Small blocks of the preferred stock had been sold to two old employees of the company by petitioner and his brother, who held in equal amounts all the common stock, but the greater part was given by petitioner and his brother to their respective wives in 1931.

Respondent does not question the validity of such sales and gifts, nor does he question the fact that the persons who received the stock by reason of such sales and gifts were the bona fide legal owners of the stock before and during the taxable years. nor does he make any contention that the corporation is a sham. or that the corporate cloak was improperly assumed or employed for illegal or fraudulent purposes.

Respondent freely admits the proposition that the owners of corporate stock are entitled to the dividends declared thereon. He narrows the question here to a proposition as to the ownership and control of the earnings of a corporat'on before any dividend is declared. That ownership. he contends. is in the common stockholders by reason of their equitable interest in it. and the control is in the common stockholders. because they possess exclusive voting powers. He reasons, therefore. that when a part of those earnings are declared as a dividend to the preferred stockholders. by directors elected by or consisting of the common stockholders. such dividends are actually gifts from the common to the preferred stockholders.

This reasoning might be persuasive in a case where dividends are declared and paid on preferred stock in excess of the amounts called for by the terms of the preferred stock. But the fallacy of the argument becomes at once apparent in the light of the fact that. in this case. the prefe red stockholders had at least as great an equitable interest in the funds as the common stockholders possessed. for they were entitled. under their contract. to share in it equally with the common stockholders. But the controlling fact here is that the interest of either class of stockholders in the profits of the corporation, before the declaration of the dividends. is merely an equitable one. The proposition that the legal ownership of corporate funds is in the corporation itself is too well settled to require discussion.

To contend that the common stockholders so controlled the corporation that they could prevent payment of dividends by the corporation to the preferred stockholders (not considering. for the moment the corporation's right to redeem such stock) is to presuppose one of two unlikely things: first. that they would be sufficiently interested in depriving the preferred stockholders of dividends to deprive themselves also of any share in the profits; or. second. that they would. illegally. declare themselves dividends and refuse to declare the equal dividend to the preferred stockholders to which they were entitled under their contract. And, in either event, it would seem that any such action by the common stockholders would be subject to review and correction in a suit which the preferred stockholders might bring in a court of equity.

We do not believe that the mere existence of a right in the corporation, acting through its directors, to redeem preferred stock and thus

stop the payment of dividends thereon, in itself renders dividends paid on the preferred stock gifts, either from the corporation, the directors, or, most remote of all, the common stockholders.

In fact, the respondent does not seriously urge that, standing alone, the right of the corporation to redeem the preferred stock, or the possession by the common stockholders of exclusive voting and management rights, or the participation by the preferred stockholders with common stockholders in dividends, or the family relationship existing between the stockholders, is sufficient to bring the payment of dividends or preferred stock within the comprehension of the gift tax act. We believe that the existence of all of them together leads to no different result.

Respondent makes the alternative contention that such dividends constituted a gift in 1936 and 1937 to the extent by which they exceeded the dividends which the preferred stockholders would have received had the number of shares of common stock not been reduced in 1934 and 1935.

We think it clear that if any gift from the common stockholders to the preferred stockholders resulted from the corporate act in reducing the number of its common shares, that gift took place in 1934 and 1935, when the reductions were effected, and not, recurringly, in later years, when dividends were paid to the preferred stockholders. The right to a proportionately greater share in the corporate earnings and a corresponding increase in value at once attached to the preferred stock as a result of that action. We do not express any opinion as to whether the reduction in the common stock effected in 1934 and 1935 which resulted in the increase of the preferred stockholders' share in the future profits constituted a gift to the preferred stockholders from the common stockholders at the time of the reduction, but we are convinced that the payment by the corporation of the increased proportionate shares by way of dividends in 1936 and 1937 did not constitute gifts by the common stockholders in those years.

We find against the respondent on this issue.

Petitioner during 1935, 1936, and 1937 made certain gifts to a trust created in 1935 for the benefit of his children. Petitioner and respondent are in agreement that these gifts constituted gifts of future interests.

The question now arises whether the exclusions erroneously allowed to petitioner in calculating his gift tax liability for previous tax years should be disregarded and the full amount of such gifts included in calculating petitioner's total taxable net gifts, not for the purpose of assessing deficiencies in his gift tax liability for the earlier years, but for the purpose of determining the rates of tax applicable to the gifts made in the later years now before us.

This question also arose in *Lillian Seeligson Winterbotham*, 46 B. T. A. 972, and it was decided there (p. 978) that the exclusions erroneously allowed for the earlier years should be disregarded for the purpose of determining the tax liability for the year in question. On the authority of that case, we conclude in favor of the respondent with respect to this issue.

Certain other questions relating to matters of computation have either been resolved by agreement of the parties or by our decision on the first issue herein.

*Decision will be entered under Rule 50.*